MORGENTHALER and another, Respondents, vs. SOMERS, imp.,
Appellant.

*October 4—October 24, 1916.*

*Accord and satisfaction: Promise and performance: Evidence.*

1. Where, a claim based on contract being controverted, the parties
   agreed that upon payment of a certain sum in cash or upon the
   delivery of a bankable note for such sum by defendant the dis-
   pute should be settled, but thereafter the defendant refused to
   carry out such agreement, there was no accord and satisfaction
   and the settlement agreement was no defense to an action on the
   original claim.
2. Had the settlement agreement been such that plaintiff accepted
   the mere promise of defendant to pay a certain sum in full ac-
   cord and satisfaction, then only an action on that promise could
   be maintained.
3. It was not error in such case to admit evidence of conversations
   between plaintiff and an agent who had acted for defendant in
   the transaction, relating either to what the settlement agree-
   ment was or to the question whether it had been executed.

APPEAL from a judgment of the circuit court for Milwau-
kee county: W. J. TURNER, Circuit Judge. *Affirmed.*

Action to recover the purchase price of $1,702.83 of cer-
tain crockery sold the defendant, together with the cost of
storage, insurance, and interest. The part of the answer ma-
terial to the issues litigated is as follows:

"That on the 27th of July, 1914, plaintiffs made claims
against the defendant *Somers* and alleged in substance the
facts alleged in the complaint as entitling them to money from
the defendant as demanded in the complaint, and that the de-
fendant denied justice of plaintiffs' claim and objected thereto.
That thereupon it was agreed between defendant and plaint-
iffs that the controversy should be settled and compromised
upon the terms that plaintiffs should retain possession and
title to the merchandise described in the complaint and de-
fendant should pay plaintiffs one third of the amount of the
plaintiffs' demand for merchandise contained in the plaint-
iffs' complaint and the sum demanded by the plaintiffs for

storage and insurance upon the goods. That this agreement still remains in force and effect and that the defendant has been at all times and still is ready and willing to pay the amount stipulated by the contract of compromise and settlement."

One H. B. Harvey acted as agent for the defendant *Somers* in the transaction.

The jury found (1) that *E. W. Morgenthaler* and H. B. Harvey did on or about July 27, 1914, enter into an agreement by which, upon the payment of the sum of about $600 in cash or upon the delivery of a bankable note for a like amount signed by *Charles W. Somers,* the parties to this case would settle the dispute between them; (2) that the defendant *Somers* through his agent, Mr. H. B. Harvey, refused to carry out the agreement of settlement which was made by *Mr. Morgenthaler* and Mr. Harvey on the 27th of July, 1914.

There being no dispute as to the correctness of the original invoice, storage, interest, and insurance, judgment on the verdict for $1,901.23 and costs was entered in favor of the plaintiffs and against the defendant *Somers.* As to the other defendants the complaint was dismissed with costs. *Somers* appealed.

For the appellant there was a brief by *Quarles, Spence & Quarles,* and oral argument by *Louis B. Montfort.*

For the respondents there was a brief by *Doerfler, Green & Bender,* and oral argument by *Christian Doerfler.*

VINJE, J. In addition to the questions set out in the statement of facts the special verdict contained this unanswered question: "Did H. B. Harvey and *E. W. Morgenthaler,* on or about July 27, 1914, agree that, upon the promise that *Somers* would pay $600 in cash, the plaintiffs would settle their cause of action?" It will thus be seen that the issue as to whether the agreement was to accept the *promise* of *Somers* to pay $600, or to accept that amount in cash or a bankable

note signed by *Somers,* was squarely put to the jury and that they found, as contended by plaintiff, that the agreement was that $600 in cash should be paid or *Somers's* bankable note for a like amount should be given in lieu of the original contract. Such finding is sustained by the evidence. That being so, the original contract remained in force till the $600 was paid or the bankable note tendered. There must be both accord and satisfaction. 1 Corp. Jur. 567. Bouvier defines accord and satisfaction as "An agreement between two parties to give and accept something in satisfaction of a right of action which one has against the other, which when performed is a bar to all actions upon this account." 1 Bouv. Law Dict. (Rawle's 3d Rev.) 103. In this case the jury found the substituted agreement was unperformed—hence it constituted no satisfaction and no bar to an action founded upon the original contract. Had the jury found, as contended by defendant *Somers,* that plaintiffs accepted the mere *promise* of *Somers* to pay $600 in full accord and satisfaction, then only an action upon such substituted agreement could be maintained.

Error is assigned because the court admitted conversations between plaintiff and Harvey subsequent to that of July 27, 1914. Harvey dealt with *Somers* at Cleveland and such conversations related either to Harvey's refusal to pay or give a note signed by *Somers* or to other replies which Harvey received from *Somers* at Cleveland. We perceive no error in the reception of such evidence, as it related either to what such alleged compromise agreement was or whether or not it had been executed.

*By the Court.*—Judgment affirmed.